UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MICHAEL MOTTA,

    Plaintiff,

v.

SAFETY FIRST LABS LLC,
Florida Limited Liability Company,
FARFROMBORING PROMOTIONS.COM, LLC,
Florida Limited Liability Company, and
DAVID MORRISON, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, MICHAEL MOTTA ("Plaintiff"), hereby sues Defendants, SAFETY FIRST LABS LLC ("SFL"), FARFROMBORING PROMOTIONS.COM, LLC ("FFB") and DAVID MORRISON ("Morrison"), (collectively, "Defendants"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action by Plaintiff for damages in excess of $75,000.00, interest, and attorneys' fees and costs.

2. Plaintiff is an individual over the age of eighteen (18) and is otherwise *sui juris*.

3. Defendant SFL is a Florida limited liability company with a principal place of business in Palm Beach County, Florida.

4. Defendant SFL is a manufacturer and supplier of chemical solutions.

5. Defendant FFB is a Florida limited liability company with principal place of business in Palm Beach County, Florida.

1 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

6. Defendant FFB is the managing member of SFL.

7. During the relevant period, Defendant David Morrison served as Chief Operating Officer for FFB and SFL.

8. Both SFL and FFB acted as joint employers of Plaintiff, as they shared the same ownership, work area, and employees.

9. During the relevant period, Plaintiff was controlled by Defendants.

10. During the relevant period, Defendants set Plaintiff's schedule.

11. During the relevant period, Plaintiff reported to SFL and FFB management.

12. Defendants provided tools, materials, and supplies to be used by Plaintiff when performing work for Defendants.

13. Plaintiff was formerly employed by Defendants in Palm Beach County, Florida.

14. Venue is proper in this Court because Defendants conduct business in Palm Beach County, employed Plaintiff in Palm Beach County, and the claims arose within Palm Beach County. In addition, the parties' express contract contains a mandatory forum selection clause requiring litigation in Palm Beach County.

15. All conditions precedent for the filing of this action before this Court have been previously met.

## GENERAL ALLEGATIONS

16. At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of 29 U.S.C. § 203 (d).

17. At all times material hereto, Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act ("FLSA").

2 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

18. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

19. Upon information and belief, Defendants' annual gross income significantly exceeds the $500,000 annual income threshold set for enterprise coverage under the FLSA.

20. At all relevant times, Defendants employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

21. Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do business, transmitted funds outside of the State of Florida and used electronic means to market and run their business internationally (i.e., sales).

22. Defendants, at all material and relevant times, were engaged in interstate commerce and subject to enterprise coverage under the FLSA.

## BACKGROUND

23. Plaintiff worked for Defendants from May 3, 2021, until his unlawful, retaliatory termination on September 29, 2021.

24. Plaintiff is a sales professional with more than 30 years of experience in the chemical industry.

25. In or around December 2020, Plaintiff, Morrison ("Morrison"), and Chief Executive Officer Rob Stillman ("Stillman") first started discussions regarding Plaintiff's prospective employment.

3 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

26. To lure Plaintiff into employment, Morrison told Plaintiff that Morrison and Stillman put aside $1.5 million of Defendants' revenue from 2020 to be used for payments of Plaintiff's salary and for salaries of other employees.

27. Defendants hired Plaintiff on or around May 3, 2021.

28. Plaintiff was given a misleading and inflated job title.

29. Plaintiff customarily and regularly worked over 40 hours a week for Defendants.

30. Defendants, however, never paid Plaintiff at time-and-a-half his regular rate of pay as required by the Fair Labor Standards Act ("FLSA").

31. To make matters worse, Defendants failed to compensate Plaintiff at or above the state and federal minimum wage for several weeks (*i.e.,* August 18, 2021, through August 31, 2021; September 1, 2021, through September 14, 2021; September 15, 2021, through September 28, 2021) in violation of the FLSA.

32. Defendants made unilateral deductions to Plaintiff's supposed base salary.

33. Defendants cited to a loss of revenue—an irrelevant factor under the FLSA.

34. From September 1, 2021, through September 28, 2021, two (2) full pay periods, Defendant failed to issue any compensation to Plaintiff.

35. Plaintiff complained about and objected to Defendants' illegal pay policies.

36. Plaintiff was retaliatorily terminated by Defendants on September 29, 2021.

37. Any reasons proffered by Defendants to justify Plaintiff's unlawful termination is nothing more than mere pretext.

38. On or about October 1, 2021, Counsel for Plaintiff sent a demand letter to Stillman and Morrison regarding Defendants' unlawful termination of Plaintiff, egregious pay policies and practices, and unpaid compensation due and owing to Plaintiff.

4 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

39. Shortly thereafter, Defendants filed their retaliatory, frivolous lawsuit against Plaintiff. A copy of the Complaint is attached hereto as **Exhibit A**.

40. Thereafter, Plaintiff also started receiving threatening and harassing text messages. Copies of some of these text messages are attached hereto as **Composite Exhibit B**.

41. Upon information and belief, these retaliatory text messages were sent to Plaintiff by Defendants, through Morrison, and/or someone commissioned to do so by Morrison with intent to coerce and/or intimidate Plaintiff into dropping his legal claims against FFB and/or SFL.

42. Defendants took post-employment retaliatory action in the form of its frivolous lawsuit directed to Plaintiff and fearmongering through threatening text messages sent to Plaintiff only after receipt of Plaintiff's demand letter dated October 1, 2021, and related communication from Plaintiff's counsel regarding Plaintiff's various claims.

## Count I

## UNPAID OVERTIME VIOLATION AGAINST FFB UNDER THE FLSA

43. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 as if fully set forth herein.

44. Upon information and belief, the annual volume of sales or business for FFB and/or SFL (independently and as joint employers) exceeded $500,000 during each calendar year of the relevant period.

45. As part of its business, FFB and/or SFL sold goods and materials that traveled through interstate commerce during the relevant period.

46. During the relevant period, FFB and/or SFL obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic

5 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

47. During the relevant period, FFB and SFL, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

48. Defendants engaged in interstate commerce and were subject to the FLSA during all relevant periods.

49. During Plaintiff's employment with Defendants, Plaintiff worked over forty (40) hours per week on numerous occasions.

50. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Defendants never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

51. Defendants intentionally refused to pay Plaintiff overtime wages he is owed under the FLSA.

52. Defendants are in violation of the FLSA and owes Plaintiff backpay.

53. In addition, Defendants are liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Enter judgment against Defendants under the FLSA;

    b. Award Plaintiff actual damages for the unpaid overtime wages;

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff attorneys' fees and costs;

6 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

    e. Award Plaintiff all recoverable interest; and

    f. Award any other relief this Honorable Court deems just and proper.

## Count II

### MINIMUM WAGE VIOLATION AGAINST FFB UNDER THE FLSA

54. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 34 as if fully set forth herein.

55. Defendants were Plaintiff's direct employers, joint employers, and co-employers under the FLSA.

56. During the relevant time period, Plaintiff worked numerous hours that were not compensated at the federal and Florida statutory minimum wage rates.

57. As such, Plaintiff is owed back pay for hours worked.

58. Additionally, Defendants are jointly and severally liable for double the amounts owed as liquidated damages under the FLSA as a result of the intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Enter judgment against Defendants under the FLSA;

    b. Award Plaintiff actual damages for the unpaid minimum wages;

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff attorneys' fees and costs;

    e. Award Plaintiff all recoverable interest; and

    f. Award any other relief this Honorable Court deems just and proper.

## Count III

### FLSA RETALIATION (FBB)

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

59. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 56 above as if fully set forth herein.

60. Plaintiff is an employer under the FLSA.

61. Plaintiff is an employee of SFL and FBB and was so during the relevant period.

62. Defendants control the day-to-day operations of SFL and FBB and did so during the relevant period.

63. Plaintiff engaged in various instances of protected activity prior to the filing of this lawsuit, including:

- Advising Defendants of his entitlement to unpaid wages (*i.e.,* overtime and minimum wage) under the FLSA;
- Sending Defendants and Counsel for Defendants a Demand Letter; and
- Participating in discussion with Counsel for Plaintiff regarding Plaintiff's proposed causes of action immediately prior to filing Defendants' retaliatory, frivolous lawsuit.

64. Defendants retaliated against Plaintiff for engaging in such protected activity, and continue to do so through transmission of threatening, anonymous text messaging directed to Plaintiff.

65. Defendants' retaliatory conduct is intended to chill Plaintiff's willingness to continue to enforce his rights under the FLSA.

66. Reasonable workers would naturally be dissuaded from continuing to support an FLSA lawsuit when faced with the retaliatory conduct Defendants engaged in.

67. Plaintiff has suffered mental and emotional distress because of Defendants' retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

8 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

a. Enter judgment for Plaintiff against Defendants under the FLSA;

b. Award Plaintiff actual damages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff compensatory damages for mental and emotional distress;

e. Award Plaintiff his attorneys' fees and costs;

f. Award Plaintiff all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

## Count IV

### UNPAID OVERTIME VIOLATION AGAINST SFL UNDER THE FLSA

68. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 56 as if fully set forth herein.

69. Upon information and belief, the annual volume of sales or business for FFB and/or SFL (independently and as joint employers) exceeded $500,000 during each calendar year of the relevant period.

70. As part of its business, FFB and/or SFL sold goods and materials that traveled through interstate commerce during the relevant period.

71. During the relevant period, FFB and/or SFL obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

9 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

72. During the relevant period, FFB and SFL, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

73. Defendants engaged in interstate commerce and were subject to the FLSA during all relevant periods.

74. During Plaintiff's employment with Defendants, Plaintiff worked over forty (40) hours per week on numerous occasions.

75. Given the nature of Plaintiff's job and his duties, his work falls outside the definition of "executive" and "administrative" for exemption purposes, and is a non-exempt employee covered by the wage & hour protections of FLSA.

76. Rather, Defendants employed Plaintiff to perform a glorified salesperson position as further detailed above.

77. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Defendants never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

78. Defendants intentionally refused to pay Plaintiff overtime wages he is owed under the FLSA.

79. Defendants are in violation of the FLSA and owes Plaintiff backpay.

80. In addition, Defendants are liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

g. Enter judgment against Defendants under the FLSA;

10 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

    h.  Award Plaintiff actual damages for the unpaid overtime wages;

    i.  Award Plaintiff liquidated damages;

    j.  Award Plaintiff attorneys' fees and costs;

    k.  Award Plaintiff all recoverable interest; and

    l.  Award any other relief this Honorable Court deems just and proper.

## Count V

### MINIMUM WAGE VIOLATION AGAINST SFL UNDER THE FLSA

81.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 56 as if fully set forth herein.

82.    Defendants were Plaintiff's direct employers, joint employers, and co-employers, as that term "employer" is defined by the FLSA.

83.    According to Article X, Section 24 of the Florida Constitution, the terms "Employer", "Employee", and "Wage" have the meanings established under the FLSA and implementing regulations.

84.    During the relevant time period, Plaintiff worked numerous hours that were compensated well below the federal and Florida statutory minimum wage rates.

85.    For example, Plaintiff received only 46% of his regular salary for the pay period of August 18, 2021, through August 31, 2021, and from September 1, 2021, through September 28, 2021, two (2) full pay periods, Defendant failed to compensate Plaintiff whatsoever.

86.    As such, Plaintiff is owed back pay for hours worked.

87.    Additionally, Defendants are jointly and severally liable for double the amounts owed as liquidated damages under the FLSA as a result of the intentional and willful violation of the FLSA.

11 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

**WHEREFORE,** Plaintiff respectfully requests that the Court:

g.  Enter judgment against Defendants under the FLSA;

h.  Award Plaintiff actual damages for the unpaid minimum wages;

i.  Award Plaintiff liquidated damages;

j.  Award Plaintiff attorneys' fees and costs;

k.  Award Plaintiff all recoverable interest; and

l.  Award any other relief this Honorable Court deems just and proper.

## Count VI

## FLSA RETALIATION (SFL)

88. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 62 above as if fully set forth herein.

89. Plaintiff is an employer under the FLSA.

90. Plaintiff is an employee of SFL and FBB and was so during the relevant period.

91. Defendants control the day-to-day operations of SFL and FBB and did so during the relevant period.

92. Plaintiff engaged in various instances of protected activity prior to the filing of this lawsuit, including:

- Advising Defendants of his entitlement to unpaid wages (*i.e.,* overtime and minimum wage) under the FLSA;

- Sending Defendants and Counsel for Defendants a Demand Letter; and

- Participating in discussion with Counsel for Plaintiff regarding Plaintiff's proposed causes of action immediately prior to filing Defendants' retaliatory, frivolous lawsuit.

12 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

93. Defendants retaliated against Plaintiff for engaging in such protected activity, and continue to do so through transmission of threatening, anonymous text messaging directed to Plaintiff.

94. Defendants' retaliatory conduct is intended to chill Plaintiff's willingness to continue to enforce his rights under the FLSA.

95. Reasonable workers would naturally be dissuaded from continuing to support an FLSA lawsuit when faced with the retaliatory conduct Defendants engaged in.

96. Plaintiff has suffered mental and emotional distress because of Defendants' retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Defendants under the FLSA;

b. Award Plaintiff actual damages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff compensatory damages for mental and emotional distress;

e. Award Plaintiff his attorneys' fees and costs;

f. Award Plaintiff all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

## Count VII

### UNPAID OVERTIME VIOLATION AGAINST MORRISON UNDER THE FLSA

97. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 56 as if fully set forth herein.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

98. Upon information and belief, the annual volume of sales or business for FFB and/or SFL (independently and as joint employers) exceeded $500,000 during each calendar year of the relevant period.

99. As part of its business, FFB and/or SFL sold goods and materials that traveled through interstate commerce during the relevant period.

100. During the relevant period, FFB and/or SFL obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

101. During the relevant period, FFB and SFL, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

102. Defendants engaged in interstate commerce and were subject to the FLSA during all relevant periods.

103. During the relevant period, Defendant David Morrison served as Chief Operating Officer for FFB and SFL.

104. In his capacity as Chief Operating Officer, Morrison can be held personally liable for wage & hour violations under the FLSA as a result of his direct exercise over day-to-day control of operations and involvement in the supervision and payment of employees.

105. During Plaintiff's employment with Defendants, Plaintiff worked over forty (40) hours per week on numerous occasions.

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

106. Given the nature of Plaintiff's job and his duties, his work falls outside the definition of "executive" and "administrative" for exemption purposes, and is a non-exempt employee covered by the wage & hour protections of FLSA.

107. Rather, Defendants employed Plaintiff to perform a glorified salesperson position as further detailed above.

108. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Defendants never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

109. Defendants, which includes Morrison individually, intentionally refused to pay Plaintiff overtime wages he is owed under the FLSA.

110. Defendants are in violation of the FLSA and owes Plaintiff backpay.

111. In addition, Defendants are liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

m. Enter judgment against Defendants under the FLSA;

n. Award Plaintiff actual damages for the unpaid overtime wages;

o. Award Plaintiff liquidated damages;

p. Award Plaintiff attorneys' fees and costs;

q. Award Plaintiff all recoverable interest; and

r. Award any other relief this Honorable Court deems just and proper.

### Count VIII

### MINIMUM WAGE VIOLATION AGAINST MORRISON UNDER THE FLSA

15 | P a g e         PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

112. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 56 as if fully set forth herein.

113. Defendants were Plaintiff's direct employers, joint employers, and co-employers, as that term "employer" is defined by the FLSA.

114. According to Article X, Section 24 of the Florida Constitution, the terms "Employer", "Employee", and "Wage" have the meanings established under the FLSA and implementing regulations.

115. During the relevant period, Defendant David Morrison served as Chief Operating Officer for FFB and SFL.

116. In his capacity as Chief Operating Officer, Morrison can be held personally liable for wage & hour violations under the FLSA as a result of his direct exercise over day-to-day control of operations and involvement in the supervision and payment of employees.

117. During the relevant time period, Plaintiff worked numerous hours that were compensated well below the federal and Florida statutory minimum wage rates.

118. For example, Plaintiff received only 46% of his regular salary for the pay period of August 18, 2021, through August 31, 2021, and from September 1, 2021, through September 28, 2021, two (2) full pay periods, Defendant failed to compensate Plaintiff whatsoever.

119. As such, Plaintiff is owed back pay for hours worked.

120. Additionally, Defendants are jointly and severally liable for double the amounts owed as liquidated damages under the FLSA as a result of the intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

m. Enter judgment against Defendants under the FLSA;

16 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

    n.  Award Plaintiff actual damages for the unpaid minimum wages;

    o.  Award Plaintiff liquidated damages;

    p.  Award Plaintiff attorneys' fees and costs;

    q.  Award Plaintiff all recoverable interest; and

    r.  Award any other relief this Honorable Court deems just and proper.

## Count IX

### FLSA RETALIATION (Morrison)

121. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 56 above as if fully set forth herein.

122. Plaintiff is an employer under the FLSA.

123. Plaintiff is an employee of SFL and FBB and was so during the relevant period.

124. Defendants control the day-to-day operations of SFL and FBB and did so during the relevant period.

125. During the relevant period, Defendant David Morrison served as Chief Operating Officer for FFB and SFL.

126. In his capacity as Chief Operating Officer, Morrison can be held personally liable for wage & hour violations under the FLSA as a result of his direct exercise over day-to-day control of operations and involvement in the supervision and payment of employees.

127. Plaintiff engaged in various instances of protected activity prior to the filing of this lawsuit, including:

- Advising Defendants of his entitlement to unpaid wages (*i.e.,* overtime and minimum wage) under the FLSA;

- Sending Defendants and Counsel for Defendants a Demand Letter; and

17 | P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

- Participating in discussion with Counsel for Plaintiff regarding Plaintiff's proposed causes of action immediately prior to filing Defendants' retaliatory, frivolous lawsuit.

128. Defendants retaliated against Plaintiff for engaging in such protected activity, and continue to do so through transmission of threatening, anonymous text messaging directed to Plaintiff.

129. Upon information and belief, this retaliatory action was undertaken by Morrison.

130. Defendants' retaliatory conduct is intended to chill Plaintiff's willingness to continue to enforce his rights under the FLSA.

131. Reasonable workers would naturally be dissuaded from continuing to support an FLSA lawsuit when faced with the retaliatory conduct Defendants engaged in.

132. Plaintiff has suffered mental and emotional distress because of Defendants' retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Defendants under the FLSA;

b. Award Plaintiff actual damages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff compensatory damages for mental and emotional distress;

e. Award Plaintiff his attorneys' fees and costs;

f. Award Plaintiff all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: December 3, 2021.

18 | P a g e      PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

Respectfully submitted,

By: */s/ J. Freddy Perera*
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com
Alexander T. Harne, Esq.
Florida Bar No. 109482
harne@pba-law.com
**PERERA ALEMAN**
12555 Orange Drive, Second Floor
Davie, Florida 33330
Telephone: 786-485-5232
*Counsel for Plaintiff*

**19 |** P a g e

PERERA ALEMAN, P.A.
12555 Orange Drive· Second Floor · Davie, FL 33330
300 Sevilla Avenue · Suite 206 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com